+                 UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 09-23306-CIV-LENARD/TURNOFF

**10 PALM, LLC and VILLAZZO,
LLC,**

     Plaintiffs,

vs.

**CITY OF MIAMI BEACH,
FLORIDA,**

     Defendant.
_____/

## **ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND (D.E. 7)**

     **THIS CAUSE** is before the Court on the Plaintiffs 10 Palm, LLC and Villazo, LLC's ("Plaintiffs") Motion for Remand ("Motion," D.E. 7), filed on November 25, 2009. On December 15, 2009, Defendant City of Miami Beach (the "City") filed its Response in Opposition to Plaintiffs' Motion ("Response," D.E. 9). Plaintiffs filed their Reply to Defendant's Response ("Reply," D.E. 14) on December 30, 2009. Upon review of the Motion, Response, Reply and the record, the Court finds as follows.

**I.    Factual and Procedural Background**

     This action stems from the dispute between Plaintiffs and the City over the right of a single-family homeowner to lease his home to a tenant for a period of time that is less than six (6) months and one (1) day. Plaintiffs are a homeowner and rental agent, respectively, who have a direct interest in renting single-family homes to tenants looking for vacation or short term rentals in Miami Beach, Florida.

On or about February 24, 2000, City Planning Director Jorge Gomez ("Gomez") issued a written Administrative Interpretation ("AI 00-02") which concluded that all rentals of single-family homes in single-family zoned residential areas in the City of Miami Beach for periods of less than six months and one day were prohibited. (Compl. ¶14, D.E. 1.) Gomez allegedly based AI 00-02 on the reading of City Land Development Regulation 142-102 and City Code Section 102. (*Id.* ¶ 15.) The City subsequently enforced AI 00-02 against Plaintiffs, prohibiting them from effecting short-term rentals. (*See id.* ¶ 16.)

On September 17, 2007, Plaintiffs filed suit in the Circuit Court of Miami-Dade County against the City seeking declaratory judgment that Gomez had no legal authority to issue AI 00-02, that AI 00-02 was *ultra vires* and void as a matter of law. (*Id.*) That suit was removed to this Court by the City on October 17, 2007. (*See* Notice of Removal, Civ. Case No. 07-22752-JAL, D.E. 1.) Plaintiffs did not move to remand the action to state court. On April 8, 2008, upon the Parties' Joint Motion to Stay Proceedings, the case was stayed and administratively closed for the purpose of allowing the Parties to come to a settlement regarding AI 00-02. (*See* April 8, 2008 Order, Civ. Case No. 07-22752-JAL, D.E. 31.)

No such settlement was ever reached. On February 25, 2009, the City enacted Ordinance No. 2009-3629, entitled "Codification of Director's Interpretation" ("Ordinance"). (Compl. ¶ 18.) The Ordinance made illegal rentals of single-family homes for less than six months and one day. (*Id*.)

Plaintiffs once again filed suit against the City in the Circuit Court of Miami-Dade County. (Notice of Removal ¶ 1, D.E. 1.) The City again removed the action to the District

2

Court for the Southern District of Florida on October 30, 2009. (*See id.*) The instant Complaint contains all three of the claims alleged against the City in the 2007 action, as well as two new counts. (*See generally*, Compl.) Plaintiffs seek a declaration that AI 00-02 is void (Count I), a declaration that the Ordinance violates Florida antitrust laws and appropriate injunctive relief (Count II), a declaration that the Ordinance violates the Dormant Commerce Clause and appropriate injunctive relief (Count III), damages as a result of the City's unlawful takings pursuant to 42 U.S.C. § 1983 (Count IV) and damages as a result of the City's violation of their substantive due process and unlawful takings under the Florida Constitution (Count V).[1][2] The 2007 action remains stayed and administratively closed.

Plaintiffs now move to remand this case to state court, arguing that while this Court has jurisdiction over Plaintiffs' claims, it should abstain from doing so under the *Pullman* abstention doctrine. Plaintiffs contend that the dispute over the local zoning law central to this case is an issue properly left to state courts. (Mot. at 7.) Plaintiffs argue that (1) state courts are fully able to adjudicate their claims, (2) state court adjudication of their claims would obviate the need, or narrow the scope of, adjudication of the federal constitutional claims and (3) the proper resolution of the potentially determinative state law issue is uncertain. (*See id.* at 7-9 (citations omitted).)[3]

---

[1]     Counts II and III were not pled in the 2007 action.

[2]     Counts IV and V are mistakenly labeled as "Count IV" in the Complaint.

[3]     Plaintiffs reserve their right to return to this Court for adjudication of their federal claims, if necessary, pursuant to *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 415 (1964). (Mot. at 6.)

3

The City opposes remand on two grounds. First, it argues that the instant action is simply a refiling of the 2007 suit. Plaintiffs' failure to seek remand of the 2007 action should bar their attempts to do so now. (Resp. at 5 (arguing that a motion for remand based on *Pullman* abstention, a non-subject matter jurisdiction basis, must be made within 30 days after the notice of removal).) The City paints the instant suit as Plaintiffs' belated attempt to circumvent the removal of the 2007 action and a "second bite at the remand apple." (*Id*. at 7.) Moreover, the City argues that Plaintiffs have waived their right to remand by participating in motion practice in this Court while the 2007 action remained pending. (*Id*. at 8.) The City requests that the 2007 action and the 2009 action be consolidated and remain in this Court. (*See* Defendant's Mot. to Consolidate Cases 07-22752-CIV and 09-23306-CIV, Civ. Case No. 07-22752-JAL, D.E. 50.) In the alternative, the City argues that application of the *Pullman* abstention doctrine does not weigh in favor of remand. (*See* Resp. at 11-19.)

## II.     Timeliness of the Remand Motion

This case presents a unique procedural history. It is undoubtedly related to the parties' 2007 action, currently stayed and administratively closed.[4] Only the Ordinance and two additional claims distinguish this action from its predecessor. Yet, the right of a single-family homeowner in Miami Beach to lease his home to a tenant for a period of time that is less than six (6) months and one (1) day remains at the core of both actions.

---

[4]     Although not exactly the "mirror image" of the 2007 action, the parties acknowledge that following the disposition of the Motion to Remand, the earlier action will not proceed independently.

The City accuses Plaintiffs of improper forum shopping, taking a "second bite at the remand apple." (Resp. at 7.) It urges the Court to view the instant action as an amendment to the complaint in the 2007 action. Plaintiffs counter by accusing the City of enacting the Ordinance in bad faith, essentially to gain leverage in settlement negotiations while the 2007 action was stayed. However, the Court need not consider each party's alleged bad faith and procedural machinations upon its conclusion that Plaintiffs' Motion for Remand could have been made in the 2007 action, as well as in the instant case.

A motion for remand based on abstention or supplemental jurisdiction is not a motion based on "defect" in removal procedure and therefore is not subject to the thirty-day time limit of 28 U.S.C. § 1447(c). *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1256-57, 1260 (11th Cir. 1999) (footnote omitted); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996). In *Snapper*, the Eleventh Circuit reached this conclusion based on a historical analysis and legislative history of § 1447(c), noting that "[i]t is unlikely that a remand on [the basis of abstention or supplemental jurisdiction] would be ripe within such a short time frame." 171 F.3d at 1257 (footnote omitted).

Freed from the thirty-day time limit, a non-§ 1447(c) motion to remand still must be brought within a reasonable time frame. *Id.* at 1257, n.18; *see Foster v. Chesapeake*, 933 F.2d 1207, 1213, n.8 (3d Cir. 1991) ("a district court in the proper exercise of discretion may deny as untimely a non-procedural defect, non-jurisdictional motion to remand if made at an unreasonably late stage of the federal litigation"). Here, Plaintiffs filed their Motion thirty-nine (39) days after the City's Notice of Removal. In the 2007 action, nearly six months

5

elapsed from the notice of removal until the case was stayed and administratively closed. Considering the total time elapsed in both actions (approximately seven months) and ignoring the period of the stay for the sake of this analysis, the Court finds that Plaintiffs did not wait an unreasonable time to file their Motion. *Compare Foster*, 933 F.2d at 1213, n.8 (affirming remand where plaintiff waited fifty four (54) days to move for non-§ 1447(c) remand) and *Ayers v. Watson*, 113 U.S. 594, 596-99 (1888) (upholding denial of remand as untimely because moving party did not move until after the Supreme Court issued a writ of error).

Moreover, during the six-month period in which the 2007 action was pending, the parties briefed a motion to dismiss, attended mediation and complied with several Court-ordered filings. The Court did not make any rulings on the merits of the action. The Court finds that this cumulative activity is not so significant and the litigation(s) so developed as to make the instant non-§ 1447(c) Motion untimely.

Accordingly, the City's arguments that Plaintiffs' Motion is untimely and that Plaintiffs have waived their right to move for remand are unavailing. The Court now turns to Plaintiffs' Motion to Remand based on *Pullman* abstention.

### III. *Pullman* Abstention

*Pullman* abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Abell v. Frank*, 625 F.2d 653, 656-57 (5th Cir. 1980); *see Railroad*

*Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). The rationale for the doctrine is that a federal court should avoid an unnecessary federal constitutional decision where interpretation of state law may dispose of a case short of federal constitutional scrutiny." *BT Inv. Managers, Inc. v. Lewis*, 559 F.2d 950, 953 (5th Cir. 1977). The prerequisites for *Pullman* abstention are (1) there must be an unsettled issue of state law; and (2) there must be a possibility that the state law determination will moot or present in a different posture the federal constitutional questions raised. *Siegel v. LePore*, 234 F.3d 1163, 1174 (11th Cir. 2000). Several factors also inform a court's exercise of discretion of whether to abstain:

> [D]elay, cost, doubt as to the adequacy of state procedures for having the state law question resolved, the existence of factual disputes, . . . the fact that the case has already been in litigation for a long time[,] . . . . availability of "easy and ample means" for determining the state law question, the existence of a pending state court action that may resolve the issue, or the availability of a certification procedure, whereby the federal court can secure an expeditious answer.

*Duke v. James*, 713 F.2d 1506, 1510 (11th Cir. 1983).

The first and most critical prong of the *Pullman* test requires an unsettled question of state law. Although the City cites two state court cases which apply state antitrust laws to municipalities, the parties have not presented any case law interpreting Ordinance No. 2009-3629 or AI 00-02 or otherwise argued that Florida law is settled as to this ordinance.[5] *See Moheb, Inc. v. City of Miami*, 2010 U.S. Dist. LEXIS 136730, *6 (S.D. Fla. Dec. 16,

---

[5] The City notes that Plaintiffs have not properly pled Count II, violation of Florida antitrust laws. (Resp. at 13, n.6.) This issue is not before the Court and does not affect the determination of the instant motion.

2010) (Gold, J.) (granting remand of case involving application of local zoning ordinance to a local business). Nor have the parties addressed the interpretation of the City's Code and Land Development Regulations or the legality of the City's actions in light of Florida Statutes §§ 163.3194 and 166.041 which govern adoption of land development regulations.

The City argues that the analysis under the first prong of *Pullman* is whether the state law may be applied to the Ordinance or AI 00-02, not whether the Ordinance actually violates the Florida antitrust statute. (Resp. at 13, citing *Pullman*, 312 U.S. 496, *Siegel*, 234 F.3d 1163 and *Duke*, 713 F.2d 1506.) The Court disagrees. "The test of uncertainty is typically said to be that the state law must be fairly subject to an avoiding construction." *Duke*, 713 F.2d at 1510. Put another way, the question of state law must be susceptible to interpretation that would avoid adjudication of the constitutional question. *Siegel*, 234 F.3d at 1174.

Here, the germane state law questions are whether the City's administrative interpretation and subsequent ordinance violated Florida antitrust statutes, the Florida Constitution and statutes governing municipal land development regulations. These questions regarding the legality of local ordinances are unsettled; further, it appears that the Florida law provides ample means to resolve the legality of the City's ordinance and AI 00-02. *See Pullman*, 312 U.S. at 501 (remand appropriate where Texas law appeared to "furnish easy and ample means for determining the [Railroad] Commission's authority"

to pass the regulation in dispute); *Pittman v. Cole*, 267 F.3d 1269, 1285 (11th Cir. 2001). The Court finds the analysis of the first prong of *Pullman* favors remand of this action.

As for the second prong of *Pullman*, significant possibility exists that application of state law will moot the two federal constitutional questions raised by Plaintiffs. Specifically, the need for determination of the federal claims will be obviated if the state court finds AI 00-02 was improperly enacted and enforced; or if the Ordinance is in violation of Flordia antitrust statutes; or if enactment of Ordinance No. 2009-3629 constitutes an illegal taking in violation of Articles I, §§ 2 and 9, and Article X, § 6 of the Florida Constitution.  *See, e.g. Pullman*, 312 U.S. at 501.  Even if Plaintiffs suffer the adverse determination of all of the aforementioned claims, the state court may nonetheless find that Plaintiffs are entitled to grandfather status and exempt from the City's enforcement of Ordinance No. 2009-3629.  Local law issues comprise the majority of this dispute and these are best interpreted and resolved by a Florida court.  *See, e.g., Int'l Eateries*, 838 F. Supp. at 585; *Moheb*, 2010 U.S. Dist. LEXIS at * 7.  Thus, the second prong of *Pullman* also weighs in favor of remand.

The Court also considers additional factors in this matter, finding that on balance, remand is appropriate.  *See, e.g.*, Duke, 713 F.2d at 1510.  Florida courts are well qualified to expeditiously and thoroughly resolve the disputed issues in this action.  The Court also finds that despite four years having passed since the commencement of the initial suit, the parties have spent relatively little time and expense in litigating the successive actions. Indeed, the record has not been developed, nor has discovery commenced.  The factual

disputes in this matter will likely be minimal.  For all of these reasons, in addition to the "easy and ample" means for determining the state law questions, the Court finds that remand of this action is a proper exercise of its discretion.  *Pullman*, 312 U.S. at 501.

Finally, another relevant consideration in applying *Pullman* abstention is the subject matter of the challenged state law and the constitutional right alleged to have been infringed.  *Siegel,* 234 F.3d at 1174; *East Naples Water Systems v. Bd. of Cty. Commissioners*, 627 F. Supp. 1065, 1073 (S.D. Fla. 1986).  Courts have often exercised their discretion under *Pullman* to remand, dismiss or stay cases involving disputes arising from local zoning ordinances.  *Compare Moheb*, 2010 U.S. Dist. LEXIS at *9 (remand granted where legality of local zoning law in dispute); *Int'l Eateries of America, Inc. v. Bd. of Cty. Commissioners*, 838 F. Supp. 580, 585 (S.D. Fla. 1993) (finding applicability of Florida Statutes, including § 163.3194(2), to local ordinance unsettled); *East Naples Water Systems*, 627 F. Supp. at 1073 (staying case involving unsettled Florida zoning and land regulation law); with *Siegel*, 234 F.3d at 1174 ("voting rights cases are particularly inappropriate for abstention"); *Pittman*, 267 F.3d at 1287 (abstention invoked sparingly in *First Amendment* cases).  The Court finds nothing to distinguish this local zoning and land use case from its predecessors and depart from their established uses of the *Pullman* abstention doctrine.

Where, as here, there are no parallel state court proceedings because the defendant removed the case to federal court, the district court may decide to remand the action in its entirety rather than stay the federal claims.  *See, e.g., Administaff, Inc. v. Kaster*, 799 F.

Supp. 685, 690 & n.12 (W.D. Tex. 1992) (remanding entire case under *Pullman* abstention). Accordingly, the Court will remand the entire action to state court.

**IV.   Conclusion**

Consistent with the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs 10 Palm, LLC and Villazo, LLC's Motion for Remand (D.E. 7), filed on November 25, 2009, is **GRANTED.**

2. This case is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.

3. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of March, 2011.

                                           _____
                                           **JOAN A. LENARD**
                                           **UNITED STATES DISTRICT JUDGE**